**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**BRADFORD CRISPELL and VIRGINIA**
**MADDEN-CRISPELL, Individually and as**
**Parent and Next Friend of TMC, a minor,**
**and TRC, a minor,**

    Plaintiffs,

v.                                         Case No.  8:11-cv-1527-T-30EAJ

**FLORIDA DEPARTMENT OF CHILDREN**
**AND FAMILIES, et. al.**

    Defendants.
_____/

## ORDER

    THIS CAUSE comes before the Court upon Motions to Dismiss submitted by: (1) Defendant Florida Department of Children and Families ("FDCF") (Dkt. 70); (2) Defendants Sarasota Family Young Men's Christian Association, Inc. ("SFYMCA") and Carl Weinrich ("Weinrich") (Dkt. 60); (3) Defendant Children's Home Society of Florida ("CHS") (Dkt. 62); (4) Defendants Youth and Family Alternatives, Inc. ("YFA"), Andrea Lancaster ("Lancaster"), Laurie Crawford ("Crawford"), and Linda Rotz ("Rotz") (Dkt. 64); and (5) Defendants Pinellas County Sheriff's Office ("PCSO"), Jim Coats ("Coats"), Gregory Handsel ("Handsel"), and Julie Bastian ("Bastian") (Dkt. 65).  The Court, having reviewed the motions, responses (Dkts. 72, 73, 74, 75, 76, 79, 80), and being otherwise advised in the

premises, concludes that Defendant CHS's Motion to Dismiss should be granted in part, and denied in part (as stated herein) and that the four other motions to dismiss should be granted.

## Background

In August 2006, two minor children (TMC and TRC) were taken into FDCF custody and then placed into foster care with Bradford Crispell and Virginia Madden-Crispell ("the Crispells") later in 2006. On June 26, 2007, Defendants Rhonda Upton and Thomas Winkler, acting on behalf of Defendant Paramedics Plus, LLC responded to a report that children (TMC and TRC) were left unattended in a vehicle for a significant period of time. Defendant PCSO responded to the scene and detained Plaintiff Virginia Madden-Crispell. In addition, TMC and TRC were removed from the Crispells' custody.

The Crispells later met with Pinellas County Child Protective Services, Defendant Julie Bastian and Defendant Gregory Handsel in order to discuss the incident. At this meeting the Crispells adamantly maintained that the children were only left unattended in their vehicle for several minutes, not the thirteen minutes plus alleged by Defendant Bastian. Nonetheless, PCSO later concluded its investigation of the June 26 incident by making verified findings of maltreatment (they later withdrew this ruling in September, 2008).

On approximately July 19, 2007, TMC was placed in the care of Defendant CHSF, a foster care provider for FDCF in Orlando, and admitted to the Orlando crisis nursery. On approximately August 11, 2007, TMC was sexually assaulted by another child, CJ, who allegedly had a known prior history of acting out sexually with other children. Plaintiffs contend that TMC was placed in the same room as CJ despite a known risk of sexual assault.

On March 18, 2008, FDCF and SFYMCA denied Plaintiffs' request to adopt TMC and TRC both because of the verified findings of maltreatment and because Plaintiffs were found not to be a good match for the two children. A Circuit Court Judge in Pasco County later took issue with this ruling, finding that SFYMCA and FDCF had unreasonably withheld consent for the Plaintiffs to adopt TMC and TRC. Consequently, on June 4, 2008, the two children were re-united with the Crispells.

Plaintiffs contend that Defendants' conduct subjects them to liability for negligence, malicious prosecution, false imprisonment, and violations of 42 U.S.C. § 1983. Several Defendants now move to dismiss the charges against them. While Defendants move to dismiss on a variety of grounds, all five motions move to dismiss for failure to state a claim upon which relief can be granted.

**Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Standard**

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). On the contrary, legal conclusions "must be supported by factual allegations." *Id.* Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions

masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

While a "heightened fact pleading of specifics" is not required, "enough facts to state a claim to relief that is plausible on its face" is necessary. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Moreover, when the factual allegations are "not only compatible with, but indeed [are] more likely explained by" lawful activity, the complaint must be dismissed. *Iqbal,* 129 S.Ct. at 1951; *see also N.Am. Clearing, Inc. v. Brokerage Computer Sys., Inc.,* 2009 WL 1513389 (M.D. Fla. May 27, 2009) ("On a Rule 12(b)(6) motion to dismiss, when a court considers the range of possible interpretations of the defendant's alleged conduct, if the 'more likely explanations' involve lawful, non-actionable behavior, the court should find that the plaintiff's claim is not plausible.").

**I.    Motion to Dismiss Submitted by FDCF (Dkt. 70)**

    **A.    Plaintiffs' Negligence Claim against FDCF (Count I)**

Plaintiffs contend that Defendants' negligence resulted in the sexual assault of TMC and the neglect and abuse of TMC and TRC. Defendant FDCF moves to dismiss Plaintiffs' negligence claim for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

To state a cause of action for negligence in Florida, a plaintiff must show that the defendant had a duty to the plaintiff, that the defendant breached that duty, and that defendant's breach of its duty caused plaintiff damages. *See, e.g., Sorel v. Koonce,* 53 So.3d 1225, 1227 (Fla. 1st DCA 2011).

Here, Plaintiffs assert that FDCF had a duty, among other things, "to ensure the quality of all subcontracted [foster care] services and...to ensure that all services were delivered in accordance with applicable state and federal laws." (Dkt. 53, at 8). While Plaintiffs contend that FDCF was negligent, Plaintiffs fail to state *how* FDCF purportedly breached its duties.

Indeed, Plaintiffs fail to plead a *single* specific act, and/or omission committed by any individual associated with FDCF which might plausibly lead to a finding of liability for negligence. Plaintiffs' conclusory assertions that FDCF breached its duties by, among other things, "[n]egligently failing to provide a safe, secure environment where TMC was free from unreasonable risk of harm," and "[n]egligently violating Florida law, as well as FDCF's rules and regulations," (Dkt. 53 at 17) are insufficient as they are simply legal conclusions masquerading as fact. Such statements fail to plead a plausible basis for legal relief, and cannot survive a motion to dismiss. *See, e.g., Davila,* 326 F.3d at 1185. As a result, it is appropriate to dismiss Count I against Defendant FDCF.

**B.     Plaintiffs' 42 U.S.C. § 1983 Claim Against FDCF (Count VIII)**

Plaintiffs state that because of the "deliberate indifference" of FDCF (and other Defendants), FDCF violated both the Crispells' right to "due process of law in an adoption proceeding, and [their] fundamental liberty interest in maintaining a relationship with their foster children." (Dkt. 53, at 29). FDCF moves to dismiss Plaintiffs' § 1983 claim for failure to state a claim upon which relief can be granted.

To state a valid procedural due process claim one must identify the relevant deprivation of "life, liberty, or property" suffered as a result of the state's actions. *Ingraham v. Wright,* 430 U.S. 651, 672 (1977).  In Florida, "adoption is not a right; it is a statutory privilege." *Buckner v. Family Servs. Of Cent. Fla.,* 876 So.2d 1285, 1288 (Fla. 5th DCA 2004).  As there is no right to adopt, Plaintiffs cannot show that they suffered a recognized deprivation, and, consequently, cannot show that they were deprived of procedural due process.  *See, e.g., Behrens v. Regier,* 422 F.3d 1255, 1262 (11th Cir. 2005).  As a result, Plaintiffs' procedural due process claim fails.

Plaintiffs' substantive due process claim, to wit, that Defendant FDCF violated their "fundamental liberty interest in maintaining a relationship with their foster children," also fails.  To state a valid substantive due process claim, one must allege a deprivation of some fundamental right protected by the due process clause.  *See, e.g., Skinner v. City of Miami, Fla.,* 62 F.3d 344, 347 (11th Cir. 1995).  Despite Plaintiffs' contention to the contrary, there is no fundamental right to maintain a relationship with one's foster children.  *See, e.g., Behrens,* 422 F.3d at 1262 n. 13 ("foster parents do not have a protected liberty interest in adopting or maintaining a relationship with the children who are temporarily in their care") (citing *Drummond v. Fulton Co. Dep't Family & Children's Servs.,* 563 F.2d 1200, 1206-08 (5th Cir. 1977)); *see also Lofton v. Sec'y Dep't Children & Family Servs.,* 358 F.3d 804, 815 (11th Cir. 2004) ("There is no precedent for appellants' novel proposition that long-term foster care arrangements...are entitled to constitutional protection akin to that accorded to

natural and adoptive families."). As a result, Plaintiffs fail to state a valid claim for denial of substantive due process.

## II.     Motion to Dismiss Submitted by SFYMCA and Carl Weinrich (Dkt. 60)

Plaintiffs claim, in Count VIII of their Amended Complaint, that Defendant SFYMCA and Defendant Weinrich, an employee of SFYMCA (as well as several other defendants) acted with "deliberate and reckless indifference to [Plaintiffs'...] constitutional rights by continuing to pursue 'verified findings'" against the Crispells. (Dkt. 53, at 29). In addition, Plaintiffs contend that Defendant SFYMCA was "grossly negligent or acted with deliberate indifference to the rights of the Plaintiffs by making representations to the Court and/or other parties that [they...] knew were without adequate factual basis and would impede and interfere with [Plaintiffs'...] efforts to adopt TMC and TRC." (Dkt. 53, at 29).

Plaintiffs allege that this behavior subjects Defendants to liability under 42 U.S.C. § 1983. According to Plaintiffs, Defendants' behavior violated their right to due process of law in an adoption proceeding and their "fundamental liberty interest in maintaining a relationship with their foster children." (Dkt. 153, at 29). Defendants move to dismiss Plaintiffs' § 1983 claims for failure to state a claim upon which relief can be granted.

As discussed above, there is no such thing as a right to adopt, nor is there a protected liberty interest in maintaining a relationship with one's foster children. As a result, for the reasons stated above, Plaintiffs fail to state claims for violation of their procedural, and/or substantive due process rights. As these are the only claims made against Defendants SFYMCA and Weinrich, it is appropriate to dismiss all counts against said Defendants.

### III.   Motion to Dismiss Submitted by CHS (Dkt. 62)

####  A.   Plaintiffs' Negligence Claim against CHS (Count II)

In July, 2007, TMC was placed into the care and custody of CHS and admitted to the Orlando Crisis Nursery in Ocoee, FL. According to Plaintiffs, TMC was negligently placed in the same room as a child, CJ, with a known history of acting out sexually with other children. Plaintiffs further allege that, being inadequately supervised, CJ proceeded to sexually assault TMC. As a result, Plaintiffs contend that CHS is liable for negligence. Defendant CHS moves to dismiss Count II for failure to state a claim upon which relief can be granted.

As discussed above, in order to state a claim for negligence in Florida, a plaintiff must show that the defendant had a duty to the plaintiff, that the defendant breached that duty, and that defendant's breach of its duty caused plaintiff damages. *See, e.g., Sorel,* 53 So.3d at 1227.

Plaintiffs contend that Defendant CHS had a duty to use reasonable care to, among other things, keep TMC and TRC safe and "[t]o continually assess the adequacy and safety of TMC and TRC's particular placement, and/or to ensure that others were doing so." (Dkt. 53, at 8). Moreover, Plaintiffs argue that CHS's agents, and/or employees breached this duty by, among other things, "negligently failing to provide a safe, secure environment where TMC was free from unreasonable risk of harm," and "negligently violating Florida law as well as FDCF's rules and regulations." (Dkt. 53, at 18). Finally, Plaintiffs contend that CHS is vicariously liable for the negligent acts of its agents, and/or employees.

In Florida, "[a]n employer may be vicariously liable to third parties under the principle of respondeat superior for damages and injuries caused by its employee's negligent acts which are committed within the scope and course of his employment." *Bennett v. Godfather's Pizza, Inc.,* 570 So.2d 1351, 1353-54 (Fla. 3d DCA 1990). Importantly, for the respondeat superior doctrine to apply, such acts must be committed to further a purpose or interest of the employer or principal. *Id.* at 1354.

Here, Plaintiffs' Amended Complaint implies that CHS's agents, and/or employees negligently placed TMC in a room with a child that had the known propensity to act out sexually with other children. Moreover, it can be implied that such employees, and/or agents were acting in the course and scope of their employment with CHS in furtherance of CHS's purpose or interest. Notably, CHS is in the business of caring for and monitoring the children in its care, and the action of placing TMC in the room with CJ was presumably taken in furtherance of CHS's business.

Accordingly, Plaintiffs state a valid cause of action for negligence against CHS. Specifically, TMC states a valid cause of action for negligence against Defendant CHS. While this negligence cause of action belongs to TMC, Bradford Crispell and Virginia Madden-Crispell, as the adoptive parents of TMC, may assert this cause of action on his behalf. It is therefore not appropriate to dismiss Count II against CHS.

However, the Court notes that, to the extent Plaintiff Bradford Crispell and Plaintiff Virginia Madden-Crispell plead individual negligence claims against Defendant CHS, such claims should be dismissed. Moreover, it is appropriate to strike paragraphs 76 (a), (d), (e),

and (f) from the Amended Complaint as Defendants maintain, and Plaintiffs concede, that such paragraphs should be stricken.

### B. Plaintiffs' 42 U.S.C. § 1983 Claim Against CHS (Count VIII)

Plaintiffs concede that Defendant CHS, because of a scrivener's error, was mistakenly included in Count VIII, and admit that Count VIII does not apply to CHS (Dkt. 74, at 2). As a result, it is appropriate to dismiss Count VIII against Defendant CHS.

### IV. Motion to Dismiss Submitted by Defendants YFA, Lancaster, Crawford, and Rotz (Dkt. 64)

Plaintiffs' sole count against the above-named Defendants is Count VIII, alleging a violation of 42 U.S.C. § 1983.[1] According to Plaintiffs, the above-named Defendants were "grossly negligent or acted with deliberate indifference to the rights of the Plaintiffs by making representations to the Court and/or other parties that [they...] knew were without adequate factual basis and would impede and interfere with [Plaintiffs'...] efforts to adopt TMC and TRC." (Dkt. 53, at 29). Plaintiffs contend that Defendants' behavior violated their due process rights in an adoption proceeding and their "fundamental liberty interest in maintaining a relationship with their foster children." (Dkt. 153, at 29). Defendants move to dismiss this Count for failure to state a claim upon which relief can be granted.

As discussed above, there is no such thing as a right to adopt, nor is there a protected liberty interest in maintaining a relationship with one's foster children. As a result, for the

---

[1]Although Plaintiffs contend that Count VIII was meant to be asserted against Defendant Crawford, Plaintiffs assert no claims against her in their Amended Complaint, perhaps due to a scrivener's error. The fact that she is not named in the Complaint is an additional reason to dismiss Plaintiffs' claims against Defendant Crawford.

reasons stated above, Plaintiffs fail to state a claim for the violation of their procedural, and/or substantive due process rights. As these are the only claims made against the above-named Defendants, it is appropriate to dismiss all counts against these Defendants.

## V.     Motion to Dismiss Submitted by Defendants Pinellas County Sheriff's Office, Jim Coats, Gregory Handsel, and Julie Bastian (Dkt. 65)

On June 26, 2007, PCSO employees responded to an incident involving Ms. Madden-Crispell reportedly leaving children unattended in a vehicle for a significant period of time. PCSO employees detained Ms. Madden-Crispell during their investigation of the incident and removed TMC and TRC from the care of the Crispells.

On July 25, 2007, the Crispells met with Bastian and her supervisor, Lt. Handsel. At this meeting the Crispells presented their timeline of the events of June 26, 2007 and asked Handsel both to review Bastian's conclusions and to initiate an additional investigation. Handsel declined to do so.

On July 27, 2007, PCSO concluded its investigation of the June incident, and made verified findings of maltreatment. Later, on September 17, 2008, Sheriff Coats notified Plaintiffs that these "verified findings" were changed to "no indicators."

Plaintiffs contend that the above-named Defendants improperly issued these verified findings. Among other things, Plaintiffs contend that Defendants lacked probable cause to make such findings, that they failed to follow established investigative procedures and guidelines, and that they maliciously refused to evaluate new evidence and interview new witnesses before making their finding of maltreatment.

In their Amended Complaint, Plaintiffs bring claims for: (1) malicious prosecution against Defendants PCSO, Jim Coats, Julie Bastian, and Gregory Handsel; (2) false imprisonment against PCSO and Jim Coats; and (3) violations of 42 U.S.C. § 1983 against Defendants PCSO, Bastian, Handsel, and Coats. Defendants move to dismiss for failure to state a claim upon which relief can be granted.

As an initial matter, Defendants contend, and Plaintiffs concede (Dkt. 75, at 1) that PCSO is not a proper defendant in this case. Accordingly, it is appropriate to dismiss all counts against Defendant PCSO.

### A. Plaintiffs' Malicious Prosecution Claim against Defendants Jim Coats, Julie Bastian, and Gregory Handsel (Count III)

In order to state a claim for malicious prosecution, a plaintiff must show: "(1) [t]he commencement or continuance of an original criminal or civil proceeding; (2) [i]ts legal causation by the present defendant against the plaintiff who was defendant in the original proceeding; (3) [i]ts bona fide termination in favor of the present plaintiff; (4) [t]he absence of probable cause for such proceeding; (5) [t]he presence of malice; and (6) [d]amages conforming to legal standards resulting to the plaintiff." *Nw. Florida Home Health Agency v. Merrill,* 469 So.2d 893, 899 (Fla. 1st DCA 1985).

Plaintiffs fail to plead a valid cause of action for malicious prosecution because, among other reasons, they fail to adequately plead the "commencement or continuance of an original criminal or civil proceeding." Although Plaintiffs contend that a "QA staffing" was

held on approximately July 19, 2007, this alleged QA session fails to meet Plaintiffs' burden of showing that they were subjected to a "criminal or civil proceeding."

While it is true that an agency hearing may at some point become sufficiently quasi-judicial to constitute an appropriate proceeding, at a minimum, such a proceeding must be subject to "the right to notice and hearing on the part of the person being proceeded against." *Id.* at 900 (citing *DeGroot v. Sheffield,* 95 So.2d 912, 915 (Fla. 1957)).

Here, Plaintiffs' Amended Complaint makes no allegation that the "QA staffing" constituted a quasi-judicial proceeding, with a right to notice and a hearing. Indeed, Plaintiffs fail to even allege that they attended this "QA staffing." Moreover, their contention that they met with certain Defendants on July 25, 2007, falls far short of alleging a quasi-judicial hearing qualifying as a "criminal or civil proceeding." As a result, Plaintiffs' pleadings fail to show a plausible basis for relief, and it is therefore appropriate to dismiss Plaintiffs' claim for malicious prosecution.

**B.      Plaintiffs' False Imprisonment Claim against Defendant Coats (Count IV)**

In Florida, in order to state a claim for false imprisonment, a plaintiff must show: "(1) the unlawful detention and deprivation of liberty of a person (2) against the person's will (3) without legal authority or "color of authority" and (4) which is unreasonable and unwarranted under the circumstances. *Montejo v. Martin Mem'l Med. Ctr.,* 935 So.2d 1266, 1268 (Fla. 4th DCA 2006). Moreover, to be liable for false imprisonment, "a person must personally and actively participate, directly or indirectly by procurement, in the unlawful

restraint of another person against their will." *Harris v. Kearney,* 786 So.2d 1222, 1225 (Fla. 4th DCA 2001).

Here, Plaintiffs have made no allegation that Sheriff Coats was in any way personally involved in the alleged false imprisonment of Virginia Madden-Crispell. As a result, it is appropriate to dismiss this count against Defendant Coats.

### C. Plaintiffs' 42 U.S.C. § 1983 Claims Against Defendants Julie Bastian, Gregory Handsel, and Jim Coats (Count VIII)

Plaintiffs contend that the above-named Defendants "knew that there was no arguable probable cause to continue pursuing 'verified findings' against Plaintiffs," but, with "deliberate and reckless indifference" to Plaintiffs' constitutional rights, nonetheless continued "to pursue 'verified findings.'" These actions allegedly interfered with the Crispells' due process rights in an adoption proceeding, and their "fundamental liberty interest in maintaining a relationship with their foster children." (Dkt. 53, at 29).

As discussed above, there is no such thing as a right to adopt, nor is there a protected liberty interest in maintaining a relationship with one's foster children. As a result, for the reasons stated above, Plaintiffs fail to state claims for violation of their procedural, and/or substantive due process rights. Consequently, it is appropriate to dismiss this Count.

It is therefore **ORDERED AND ADJUDGED** that:

1. The Motion to Dismiss Submitted by Defendant Florida Department of Children and Families (Dkt. 70) is hereby granted. All counts against this Defendant are dismissed, without prejudice.

2. The Motion to Dismiss Jointly Submitted by Defendants Sarasota Family Young Men's Christian Association, Inc. and Carl Weinrich (Dkt. 60) is hereby granted. All counts against these Defendants are dismissed, without prejudice.

3. The Motion to Dismiss Submitted by Defendant Children's Home Society of Florida (Dkt. 62) is hereby granted in part, and denied in part, as stated herein. To the extent that Bradford Crispell and Virginia Madden-Crispell plead individual negligence claims against Defendant CHS, such claims are dismissed, without prejudice. TMC's negligence claim against Defendant CHS, brought on his behalf by his adoptive parents Bradford Crispell and Virginia Madden-Crispell, is not dismissed. Count VIII against this Defendant is dismissed, without prejudice. In addition, the Court hereby strikes paragraphs 76 (a), (d), (e), and (f) from the Amended Complaint.

4. The Motion to Dismiss Jointly Submitted by Defendants Youth and Family Alternatives, Inc., Andrea Lancaster, Laurie Crawford, and Linda Rotz (Dkt. 64) is hereby granted. All counts against these Defendants are dismissed, without prejudice.

5. The Motion to Dismiss Jointly Submitted by Defendants Pinellas County Sheriff's Office, Jim Coats, Gregory Handsel, and Julie Bastian (Dkt. 65) is hereby granted. All counts against said Defendants are dismissed, without prejudice.

6. Plaintiffs may replead their Complaint within twenty (20) days of the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida on February 24, 2012.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2011\11-cv-1527.mtd.frm