**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

BRADFORD CRISPELL and VIRGINIA
MADDEN-CRISPELL, Individually and as
Parent and Next Friend of TMC, a minor,
and TRC, a minor,

    Plaintiffs,

v.                                  CASE NO: 8:11-cv-1527-T-30EAJ

FLORIDA DEPARTMENT OF CHILDREN
AND FAMILIES, et al.,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Children's Home Society of Florida's Motion to Dismiss ("CHSF") (Dkt. 94) and Plaintiffs' Memorandum of Law in opposition (Dkt. 96). The Court, having reviewed the motion, opposition, and being otherwise advised of the premises, concludes that the motion should be denied as to Count I and granted without prejudice as to Count II.

## BACKGROUND[1]

In August 2006, two minor children (TMC and TRC) were taken into the custody of Florida Department of Children and Families ("FDCF"). Later in 2006, TMC and TRC were

---

[1] A more detailed background of this case is included in the Court's February 24, 2012 order (Dkt. 88). In the instant order, the Court limits the facts to those surrounding the alleged actions of CHSF.

placed into foster care with Plaintiffs Bradford Crispell and Virginia Madden-Crispell ("the Crispells"). On or about July 19, 2007, TMC and TRC were placed in the care of CHSF, a foster care provider for FDCF.

On or about August 11, 2007, TMC was sexually assaulted while in the care of CHSF's Orlando Crisis Nursery by another child, CJ, who allegedly had a prior history of acting out sexually with other children. Plaintiffs contend that TMC was placed in the same room as CJ despite a known risk of sexual assault.

On June 4, 2008, TMC and TRC were reunited with the Crispells.

With respect to CHSF, Plaintiffs contend that its agents and employees failed to monitor and supervise TMC adequately; specifically, Plaintiffs allege that CHSF's conduct subjects it to liability for negligence ("Count I") and violations of 42 U.S.C. § 1983 ("Count II").

CHSF moves to dismiss Counts I and II for improper pleading practice. CHSF also moves to dismiss Count II for failure to state a claim on the basis of Eleventh Amendment immunity. CHSF also contends that even if it is not immune under the Eleventh Amendment, Plaintiffs' allegations are insufficient to state a section 1983 claim. Finally, CHSF moves to strike portions of Plaintiffs' Second Amended Complaint.

## MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief."

Detailed facts are not necessary, but a claim must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of the harm alleged. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1959, 167 L. Ed. 2d 929 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)).

When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true and view the facts in the light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94, 127 S. Ct. 2197, 2199-2200, 167 L. Ed. 2d 1081 (2007). However, unlike factual allegations, legal conclusions in a pleading are not entitled to the assumption of truth and must be supported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct.1937, 1950, 173 L. Ed. 2d 868 (2009). Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

Moreover, when the factual allegations are "not only compatible with, but indeed [are] more likely explained by" lawful activity, the complaint must be dismissed. *Iqbal*, 556 U.S. at 680, 129 S. Ct. at 1951, 173 L. Ed. 2d 868; *see also N. Am Clearing, Inc. v. Brokerage Computer Sys., Inc.*, 2009 WL 1513389 (M.D. Fla. May 27, 2009) ("On a Rule 12(b)(6) motion to dismiss, when a court considers the range of possible interpretations of the defendant's alleged conduct, if the 'more likely explanations' involve lawful, non-actionable behavior, the court should find that the plaintiff's claim is not plausible.")

## DISCUSSION

**I.     Motion to Dismiss Based on Improper Incorporation by Reference**

CHSF initially argues that the Second Amended Complaint improperly incorporates by reference all paragraphs contained in the preliminary allegations. The Court disagrees.

The Eleventh Circuit has condemned "shotgun" pleadings in which it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Tr. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (citing *Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991)). Here, unlike the quintessential shotgun pleading containing dozens of pages of facts and allegations and hundreds of counts, Plaintiffs' Second Amended Complaint contains approximately seven combined pages of alleged facts and general allegations. Also, each claim for relief is presented in a separate count and has listed relevant facts and allegations under each count. *See Anderson*, 77 F.3d at 366; *Bailey v. Janssen Pharmaceutical, Inc.*, 288 F. App'x. 597, 603 (11th Cir. 2008) ("[A] complaint – so long as it is minimally sufficient to put a defendant on notice of the claims against him – will not fail for mere surplusage.").

Accordingly, CHSF's motion is denied on this issue.

**II.     Motion to Dismiss Count II - 42 U.S.C. § 1983 Claim**

   **A.     CHSF is a State Actor and Subject to Section 1983 Claims**

CHSF is a state actor for section 1983 purposes under the public function test. Private entities are viewed as state actors if they 1) perform functions traditionally the prerogative of the state under the public function test, 2) are coerced or significantly encouraged by the

government to commit a constitutional violation under the state compulsion test, or 3) are a joint and interdependent participant with the government in an enterprise under the nexus/joint action test. *Focus on the Family v. Pinellas Suncoast Transit Authority*, 344 F.3d 1263, 1277 (11th Cir. 2003) (quoting *Willis v. University Health Servs., Inc.*, 993 F.2d 837, 840 (11th Cir. 1993)). The Florida Legislature has declared that "the state has traditionally provided foster care services" and has allowed the function to be "outsourced" to private, community-based agencies. Fla. Stat. §§ 409. 1671(1)(f)(1), (1)(a) (2010). As an agency performing a traditionally public function in Florida, CHSF is a state actor. *See generally Woodburn v. State of Florida Dep't of Children and Family Servs.*, 2011 WL 7661425 (S.D. Fla. Dec. 1, 2011); *Smith v. Beasley*, 775 F. Supp. 2d 1344 (M.D. Fla. 2011).

CHSF contends that the section 1983 claim should be dismissed based on Eleventh Amendment immunity. The Eleventh Amendment generally bars suit by individuals against the state or its agencies in federal court. *See Gamble v. Florida Dep't of Health and Rehab. Servs.*, 779 F.2d 1509, 1511 (11th Cir. 1986) (citing *Edelman v. Jordan*, 415 U.S. 651, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974)). For section 1983 purposes, this immunity reaches state agencies and "other arms of the state" but does not reach municipalities or other local governing bodies that are sufficiently independent from the state. *See Schopler v. Bliss*, 903 F.2d 1373, 1378 (11th Cir. 1990) (citing *Mount Healthy City Sch. Dist. v. Doyle*, 429 U.S. 274, 280, 97 S. Ct. 568, 572-73, 50 L. Ed. 2d 471 (1977)); *see also Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690, 98 S. Ct. 2018, 2035, 56 L. Ed. 2d 611 (1978), *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 69, 109 S. Ct. 2304, 2311, 105 L. Ed. 2d 45

(1989). Thus, it is necessary to determine whether an outsourced foster care agency is considered an arm of the state or an independent political subdivision.

CHSF's function and characteristics as determined by state law governs its legal posture under the Eleventh Amendment. *Brown v. E. Cent. Health Dist.*, 752 F.2d 615, 617 (11th Cir. 1985) (citing *Mount Healthy City Sch. Dist. v. Doyle*, 429 U.S. 274, 97 S. Ct. 568, 50 L. Ed. 2d 471 (1977)). First, CHSF is not an entity created by state law because foster care services in Florida are statutorily "outsourced" to "private nonprofit agenc[ies]" that work with the Department of Children and Families. *See* Fla. Stat. §§ 409.1671(1)(a), (b) (2010). These agencies are not created by or wholly run by the state. Therefore, CHSF is more like an independent political subdivision than an arm of the state.

Alternatively, a private entity may be an arm of the state if any recovery of damages would come from the state treasury. *Brown*, 752 F.2d at 617; *see also Edelman*, 415 U.S. at 663, 94 S. Ct. at 1355. Receiving significant amounts of money from the state or receiving guidance from a state agency is not enough to show that a private entity is an arm of the state. *Mount Healthy*, 429 U.S. at 280, 97 S. Ct. at 572-73, 50 L. Ed. 2d 471.

CHSF has not demonstrated that it is an arm of the state and, therefore, is not entitled to immunity under the Eleventh Amendment. Accordingly, CHSF's motion is denied on this issue.

### B. Custodial Relationships, Including Placement in Foster Care, Create an Affirmative Duty to Protect

In cases of children placed in foster homes, there is an affirmative duty under the Fourteenth Amendment to protect them from harm by third parties. *Doe v. Braddy*, 673 F.3d 1313, 1318 (11th Cir. 2012) (citing *White v. Lamacks*, 183 F.3d 1253, 1257 (11th Cir. 1999)). The Supreme Court has recognized the right to physical safety and security as a substantive Due Process liberty interest for persons involuntarily committed in a governmental custodial setting. *Taylor v. Ledbetter*, 818 F.2d 791, 794 (11th Cir. 1987) (citing *Youngberg v. Romeo*, 457 U.S. 307, 102 S. Ct. 2452, 73 L. Ed. 2d 28 (1982)). This custodial relationship gives rise to an automatic affirmative duty rooted in "the State's affirmative act of restraining the individual's freedom to act on his own behalf . . . which is the 'deprivation of liberty' triggering the protections of the Due Process Clause." *DeShaney v. Winnebago Cnty. Dept. of Soc. Servs.*, 489 U.S. 189, 200, 109 S. Ct. 998, 1006, 103 L. Ed. 2d 249 (1989); *see also Youngberg*, 457 U.S. at 315, 102 S. Ct. at 2458, 73 L. Ed. 2d 28, *Braddy*, 673 F.3d at 1318.

Specifically, the custodial environment of foster care triggers this affirmative duty. *See Ledbetter*, 818 F.2d at 797, *Braddy*, 673 F.3d at 1318. Such an involuntary "special relationship" places children in a position of danger or potential harm. *Ledbetter*, 818 F.2d at 798. Therefore, the relationship between "[those] charged with carrying out a foster child care program and the children in the program is an important one involving substantial duties and, therefore, substantial rights." *Id.*

Accordingly, Plaintiffs, on behalf of TMC, may bring a section 1983 action against CHSF based on its alleged deliberate indifference to TMC's constitutional right to be "safe and free from unreasonable risk of harm." *See Woodburn*, 2011 WL 7661425, at *9-*10.

### C.     Liability is Limited to Injuries Inflicted as a Result of Custom or Policy

Liability may attach in those instances when a government agency deprives a plaintiff of a constitutional right under color of some "policy or custom." *Monell*, 436 U.S. at 692, 98 S. Ct. at 2037. The moving force of such a policy or custom may involve either official policies or regulations, or customs not explicitly authorized by officials but which represent official policy. *Id.* at 694, 98 S. Ct. at 2037-38. A plaintiff may establish the existence of an unofficial custom by showing "a persistent and widespread practice and an entity's actual or constructive knowledge of such customs." *Depew v. St. Marys, Ga.*, 787 F.2d 1496, 1499 (11th Cir. 1986).

The Eleventh Circuit has applied the *Monell* standard and its required showing of policy or custom to private entities such as CHSF acting in place of a local governing body. *See Buckner*, 116 F.3d at 452; *see also Howell v. Evans*, 922 F.2d 712, 724 (11th Cir. 1991), *vacated pursuant to settlement*, 931 F.2d 711 (11th Cir. 1991), *reinstated by unpublished order* (June 24, 1991), *cited in Howell v. Burden*, 12 F.3d 190, 191 n.* (11th Cir. 1994) (explaining procedural history)).

**D.     Plaintiffs Fail to Show that CHSF's Actions are a Result of Policy or Custom**

Plaintiffs allege in their Second Amended Complaint that CHSF "fail[ed] to insure [sic] that TCM was adequately supervised" and "failed to take immediate action which would ensure the safety and welfare of TMC" (Dkt. 90 at 13). Substantive Due Process allegations must be taken as true and construed in the light most favorable to the child. *Taylor v. Ledbetter*, 818 F.2d 791, 794-95 (11th Cir. 1987) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)). However, Plaintiffs' allegations here are conclusory and do not specifically allege or show that this failure of supervision was the result of a policy or custom of conduct of deliberate indifference.

Plaintiffs do allege in their opposition that a Due Process violation was the result of a policy or custom concerning the "placement of children in their custody" or "supervision" (Dkt. 96). However, the Court cannot consider matters outside the pleadings. Moreover, Plaintiffs' allegations in their opposition concerning CHSF's staff-related custom or policy are conclusory and unsupported by factual allegations.

To be properly actionable under section 1983, a claim that rests on a failure to train staff must show that the failure reflects a "deliberate or conscious choice," seen when "the need for more or different training is so obvious and the inadequacy so likely to result in the violation of constitutional rights." *Canton, Ohio v. Harris*, 489 U.S. 378, 389-90, 109 S. Ct. 1197, 1205, 103 L. Ed. 2d 412 (1989). In particular, a plaintiff must show both deficiency and causation:

> [A claim] will not be satisfied by a mere allegation that a training program represents a policy for which the [state actor] is responsible. Rather, the focus must be on whether the program is adequate to the tasks the particular employees must perform, and if it is not, on whether such inadequate training can justifiably be said to represent "[...] policy." Moreover, the identified deficiency in the training program must be closely related to the ultimate injury. Thus, respondent must still prove that the deficiency in training actually caused the [harm].

*Id.* at 379, 109 S. Ct. at 1200.  Plaintiffs have not pled facts to show that the alleged constitutional harm arises from a policy or custom and, therefore, have not stated a claim upon which relief may be granted.

Accordingly, CHSF's motion to dismiss on this issue is granted without prejudice to Plaintiffs to amend this claim.

### III.   CHSF's Motion to Strike

Plaintiffs concede in their opposition that paragraphs 10, 13, 16(p), and 23 of their Second Amended Complaint (Dkt. 90) should be stricken.  Accordingly, these paragraphs are hereby stricken.

CHSF's request to strike Plaintiff's last request in the "WHEREFORE" clauses of Counts I and II is denied.

It is therefore **ORDERED AND ADJUDGED** that:

1. Defendant Children's Home Society of Florida's Motion to Dismiss (Dkt. 94) is hereby granted in part and denied in part.

2. Count I is not dismissed.

3. Count II is dismissed without prejudice. Plaintiffs may amend Count II within fourteen (14) days of this Order if they have facts supporting this claim as stated herein.

4. If Plaintiffs fail to amend Count II within fourteen (14) days, CHSF shall file an answer to Count I only within fourteen (14) days of the expiration of Plaintiffs' time to amend.

5. Paragraphs 10, 13, 16(p), and 23 of the Second Amended Complaint are hereby stricken.

**DONE** and **ORDERED** in Tampa, Florida on August 20, 2012.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

S:\Odd\2011\11-cv-1527mtdismiss94.wpd